**Ludwig Grudzinski, Administrator, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.**

## Gen. No. 15,871.

1. EVIDENCE—*when witness incompetent as to question of speed.* Notwithstanding a witness may testify that he has ridden upon street cars for twenty years, if he further says that he has had no experience in judging the speed of street cars, he is not competent to testify upon the question of speed.

2. INSTRUCTIONS—*effect of repetitions and arguments.* If a long and unnecessary series of instructions be given containing mere repetitions amounting to an argument, a reversal will be awarded if the verdict was clearly the result thereof.

3. INSTRUCTIONS—*must be predicated upon evidence.* An instruction which contains an assumption not supported by the evidence in the case, is properly refused.

Action in case for death caused by alleged wrongful act. Er-

ror to the Circuit Court of Cook county; the Hon. E. M. MANGAN, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1909.   Affirmed.   Opinion filed October 20, 1911. *Certiorari* denied by Supreme Court (making opinion final).

N. L. PIOTROWSKI and CYRUS J. WOOD, for plaintiff in error.

FRANKLIN B. HUSSEY and WATSON J. FERRY, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

An action was brought under the statute to recover damages for the benefit of the widow and next of kin of John Czyrynikiewicz for his death, alleged to have been caused by one of the street cars of Chicago City Railway Company in Archer avenue between Butler and Wallace streets in Chicago.   The trial of the cause resulted in a verdict and judgment in favor of the defendant.

Plaintiff in error (plaintiff below) seeks in this proceeding to reverse the judgment on the grounds, (1) that the trial court excluded proper evidence offered on behalf of the plaintiff in error; (2) the verdict is against the law and the weight of the evidence; (3) the trial court erred in giving to the jury, at the request of the defendant in error, improper instructions and in refusing to give proper instructions requested by the plaintiff in error; and (4) the verdict is the result of passion and prejudice.

The declaration is in two counts.   The negligence averred in the first count is that while the deceased was walking in Archer avenue near its intersection with Wallace street, with due care for his personal safety, the defendant in error carelessly and negligently drove and operated its car so that it ran against deceased and threw him to the ground and so injured him that he died on the same day.

The negligence averred in the second count is that while deceased was one of a procession, and proceed-

ing on foot in Archer avenue near Wallace street, the defendant in error carelessly and negligently propelled its electric car so that the deceased was struck by it and injured so that he died on the same day.

The evidence in the record discloses that the injury happened on October 25, 1903, about 10 o'clock in the forenoon. It was Sunday, and there was a procession of church societies. The procession had reached Archer avenue and halted with the right of the line near Stewart avenue. There is some lack of unanimity among the witnesses as to what was done after the halt. Some of the witnesses testified that the procession remained in two lines, one on the southerly side of the street car tracks and one on the northerly side of the tracks, while other witnesses said that the command had been given to disband, and the procession had broken up, and its members were scattered along the street on both sides of the tracks and on the tracks and the sidewalks.

Six witnesses were produced at the trial to establish the case for the plaintiff in error. Each witness confined himself to the statement that he heard no bell, gong or signal. Only one expressed any opinion as to the speed of the car just before and at the time of the accident. No two of the witnesses agreed as to the position of the deceased with reference to the car tracks in which the car was traveling just before the accident. The testimony of several of the witnesses was contradictory with reference to the above mentioned matters, and differed widely as to the material facts from their testimony on a former trial of the case. Some of the plaintiff's witnesses testified that before the deceased was struck he was standing clear of the rails of the track on which the car was traveling, while others testified he was standing on its north rail. No witness said he was struck by the fender or forward end or corner of the car, but on the contrary that those parts of the car passed him and he was struck

by either the hand rail or some portion of the car in its rear.

The theory of the defendant in error was that the speed of the car was about four miles an hour just before and at the time plaintiff in error was struck, and that the bell was continuously sounded, and that the motorman had one hand on the controller and one hand on the brake; that the forward end of the car passed the deceased, and that he either fell or ran against the side of the car which was brought to a full stop within a very few feet after the plaintiff in error was struck. This was supported by the testimony of three witnesses.

Upon a study and consideration of the evidence we think the verdict and judgment are fully supported by the weight of the evidence.

It is contended that the court erred in excluding the testimony of Derdzinski as to the speed of the car. He was asked if he could tell the rate of speed a street car was going and if he had any experience in that regard, and answered, "No, I have had no experience." He was asked again to tell the court what experience he had in judging the rate of speed of street cars, and answered: "Well I have had no experience at all in that line." He had observed street cars running in Chicago, he testified, and had ridden on them every day for twenty years, and during that time had not judged the rate of speed. He was then asked, "In your opinion, how fast was that car going when you first saw it?" The witness was not permitted to answer the question. We think the witness was not competent to answer the question, and that the ruling was correct. While a person need not be an expert to testify as to the speed of a street car, he is not competent to testify to what he does not know, and with reference to which he has had no experience.

Errors are assigned upon the giving of thirty-two instructions requested by the defendant in error, constituting a lengthy and involved series, and containing

many repetitions. We have had occasion to criticise courts for giving, and counsel for requesting so many instructions in this class of cases where the issues are simple and no occasion exists for giving such an extraordinary number of instructions. The practice naturally grows out of our unfortunate method of instructing juries in writing, using instructions tendered by the parties, but it is to be condemned nevertheless on many grounds frequently mentioned by courts of review. We have with great weariness and some impatience examined this long series of instructions with the result that we find no reversible error therein. They amount to an argument, and in a case where it shall appear that the argument of the court had resulted clearly in a verdict which would not otherwise have been rendered, we shall not hesitate to reverse on that ground. This, however, is not such a case. We cannot take the time to discuss in detail the many objections made to the instructions for it would require the space of a large pamphlet in which to do it fully and with clearness. Counsel for defendant in error have found it necessary to occupy thirty-two pages of their printed brief in answering the objections. We must content ourselves by saying that the specific objections made in argument are not well founded.

Plaintiff in error urges that the trial court erred in refusing instruction marked "B". The instruction is a long one, and in one of its clauses it involves an assumption that the motorman of the car did not give the deceased "an opportunity to avoid the danger by the exercise of such presence of mind and of such ordinary care as would be expected of a man of ordinary coolness and prudence, under such circumstances as were surrounding him," for which there is no support in the evidence. It was therefore misleading. In other respects the instruction is a statement of the converse proposition embodied in defendant's instruction No. 28. It was not error to refuse to repeat the same propositions of law applicable to certain facts

given at the instance of one party by stating the same facts and the law conversely. The refusal of the instruction did not harm plaintiff in error.

The judgment is affirmed.

*Affirmed.*